J-A01018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| U.S. BANK N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-MC2 ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2006-NC2 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT J. CAREY AND OCCUPANTS | |
| Appellants | No. 923 EDA 2018 |

Appeal from the Order Entered February 22, 2018
In the Court of Common Pleas of Chester County
Civil Division at No.: 16-05885

BEFORE:  OTT, STABILE, and McLAUGHLIN, JJ.

MEMORANDUM BY STABILE, J.:                **FILED MARCH 22, 2019**

Robert J. Carey and occupants (individually "Mr. Carey" and collectively "Appellants") appeal from the February 22, 2018 order entered in the Court of Common Pleas of Chester County ("trial court"), which granted summary judgment in favor of Appellee U.S. Bank N.A., as Trustee, on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-MC2 Asset Backed Pass Through Certificates, Series 2006-NC2 ("U.S. Bank").  Upon review, we affirm.

The facts and procedural history of this case are undisputed.[1]  On April 28, 2006, Mr. Carey, as the sole owner of 106 Windridge Drive, West Goshen Township, Pennsylvania ("the Property"), executed a note and mortgage in favor of New Century Mortgage Corporation.  New Century Mortgage Corporation subsequently assigned the mortgage to U.S. Bank.  On September 15, 2006, Carey executed a second mortgage on the Property in favor of Gary and Joy Lehndorff.  On November 1, 2006, Carey defaulted on the U.S. Bank mortgage.

On June 13, 2007, U.S. Bank filed a mortgage foreclosure action against Mr. Carey, serving him on June 20, 2007.  Four days later, on June 24, 2007, Mr. Carey executed a deed transferring title to the Property from himself, individually, to both himself and Mrs. Carey, his wife.  This deed was acknowledged on June 27, 2007 and recorded with the Chester County Recorder of Deeds on August 31, 2007.  Likewise, the Lehndorffs' mortgage was both acknowledged and recorded on June 27, 2007.

On March 24, 2008, U.S. Bank filed a motion for summary judgment. On May 5, 2008, the trial court granted U.S. Bank's motion for summary judgment and entered an *in rem* judgment in favor of U.S. Bank and against

---

[1] Unless otherwise noted, these facts are taken from our May 19, 2015 Memorandum.  **See U.S. Bank Nat'l Ass'n. v. Carey**, No. 2206 EDA 2014, unpublished memorandum, at 1-3 (Pa. Super. filed May 19, 2015), **appeal denied**, 132 A.3d 459 (Pa. 2016).

Mr. Carey.[2]  On November 20, 2008, U.S. Bank purchased the Property as the successful bidder at the sheriff's sale ("the first sheriff's sale").  The sheriff's deed was issued on February 25, 2009 and recorded on March 25, 2009.  U.S. Bank failed to provide notice to Mrs. Carey of the first sheriff's sale, however, because U.S. Bank's title company did not discover the deed transferring title to the Property into both Mr. and Mrs. Carey's names.  Thus, on September 2, 2009, U.S. Bank filed a motion seeking to confirm the first sheriff's sale and strike the June 24, 2007 deed transferring title of the Property from Mr. Carey, individually, to both Mr. and Mrs. Carey.  On December 4, 2009, the trial court denied U.S. Bank's motion, and *sua sponte* set aside the first sheriff's sale based on U.S. Bank's failure to provide notice to Mrs. Carey of the first sheriff's sale.

On January 4, 2010, Mr. Carey appealed the trial court's decision to set aside the first sheriff's sale.  On March 3, 2011, the Superior Court affirmed the trial court's order setting aside the first sheriff's sale.  **See U.S. Bank Nat'l Ass'n v. Carey**, 26 A.3d 1177 (Pa. Super. March 3, 2011) (unpublished memorandum).  Mr. Carey filed a petition for allowance of appeal to the Supreme Court of Pennsylvania, which it denied on May 1, 2012.

On April 5, 2013, U.S. Bank filed and served upon Mr. and Mrs. Carey a praecipe for a new writ of execution and the affidavit required under Rule

_____

[2] As the trial court noted, "[j]udgment was entered on a mortgage foreclosure action on May 5, 2008 in the amount of $464,019.61."  Trial Court Opinion, 5/17/18, at 1 n.1.

- 3 -

3129.1 of the Pennsylvania Rules of Civil Procedure to list the Property for sheriff's sale. On July 2, 2013, U.S. Bank filed an amended affidavit pursuant to Rule 3129.1. Thereafter, on January 16, 2014, U.S. Bank again purchased the Property at sheriff's sale ("the second sheriff's sale").[3]

Despite U.S. Bank's purchase of the Property, Appellants refused to convey possession of the Property to U.S. Bank. As a result, on June 21, 2016, U.S. Bank filed a complaint in ejectment against Mr. Carey and other unknown occupants.[4] In the complaint, U.S. Bank averred that Select Portfolio Servicing, Inc. ("SPS") "maintains the business records for [U.S. Bank] in the ordinary course and scope of its business" and acts as "[t]he loan servicing agent for this account." Complaint, 6/21/16, at ¶ 1(b), (c). Additionally, U.S. Bank averred that it had appointed and empowered SPS "to act as its agent in this matter" pursuant to a limited power of attorney ("POA") recorded in the Office of the Chester County Recorder of Deeds. *Id.* at ¶ 1(d). The POA provides, among other things, that SPS has the authority to:

> [d]emand, sue for, recover, collect and receive each and every sum of money, debt, account and interest (which now is, or hereafter shall become due and payable) belonging to or claimed by the Trustee, and to use or take any lawful means for recovery by legal process or otherwise, including but not limited to the substitution of trustee serving under a Deed of Trust, the preparation and issuance of statements of breach, or non-performance or acceleration, notice of default, and/or notices of sale, accepting deeds in lieu of foreclosure, evicting (to the extent

---

[3] As noted earlier, we denied Mr. Carey's challenge to U.S. Bank's purchase of the Property at the second sheriff's sale. *See Carey*, *supra* at footnote 1. Our Supreme Court affirmed our decision on February 26, 2016.

[4] The complaint was submitted by Barbara A. Fein, Esquire, who identified herself as counsel for U.S. Bank.

allowed by federal, state or local laws) foreclosing on the properties under the Security Instruments by judicial or non-judicial foreclosure, actions for temporary restraining orders, injunctions, appointments of receiver, suits for waste, fraud and any and all other tort, contractual or verifications in support thereof, as may be necessary or advisable in any bankruptcy action, state or federal suit or any other action and take any and all actions necessary for the preparation and execution of such other document and performance of such other actions as may be necessary under the terms of the Security Instruments or state law to expeditiously complete the transaction set forth in this paragraph.

POA, 5/3/13, at ¶ 1.

On August 5, 2016, Appellants filed preliminary objections, seeking dismissal of U.S. Bank's complaint, *inter alia*, on the allegation that SPS lacked the capacity to sue. On May 4, 2017, the trial court overruled Appellants' preliminary objections. On June 5, 2017, Appellants filed an answer and new matter. U.S. Bank filed its reply to the new matter on August 11, 2017.

On October 4, 2017, U.S. Bank moved for summary judgment, arguing that (1) "there are no material issues of fact or law as to [Appellants] right to the property," (2) "[Appellants have] no right, title, or interest in the Property," and (3) "[Appellants] are mere trespassers." Motion for Summary Judgment, 10/4/17, at ¶¶ 12-14. Appellants responded to the summary judgment on November 3, 2017, arguing in part that SPS lacked the capacity to sue. On February 22, 2018, the trial court granted U.S. Bank's motion for summary judgment and ordered that U.S. Bank "is entitled to immediate possession of" the Property.

On March 22, 2018, Appellants timely appealed to this Court. The trial court directed them to file a Pa.R.A.P. 1925(b) statement of errors complained

of on appeal. They complied, raising several assertions. In response, on May 15, 2018, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellants essentially raise a single issue for our review:

[I.] Whether, where a post-foreclosure complaint in ejectment was brought by an agent pursuant to a limited power of attorney which does not grant to the agent the authority to bring post-foreclosure actions in ejectment or otherwise, and where the defendants objected to the authority of the agent to bring a post-foreclosure action in ejectment in both preliminary objections and in response to plaintiff's motion for summary judgment, the trial court abused its discretion and/or committed errors of law by overruling the defendants' preliminary objections and granting plaintiff's motion for summary judgment.

Appellants' Brief at 8.

We review a challenge to the entry of summary judgment as follows:

[We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. *See* Pa.R.C.P. No. 1035.2. The rule [provides] that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***E.R. Linde Const. Corp. v. Goodwin***, 68 A.3d 346, 349 (Pa. Super. 2013) (citation omitted; brackets in original).

As we recently explained in ***Becker v. Wishard***, ___ A.3d ___, 2019 WL 123695 (Pa. Super. filed January 7, 2019):

Ejectment is an action filed by a plaintiff who does not possess the land but has a right to possess it, against a defendant who has actual possession. Ejectment is a possessory action only, and can succeed only if the plaintiff is out of possession, and the plaintiff has a present right to immediate possession. An ejectment action differs from a quiet title action in that quiet title serves to determine the relative and respective rights of all potential title holders. In contrast, ejectment determines the immediate rights as between the plaintiff and the defendant.[FN1]

> FN1. ***See also*** 4 Goodrich-Amram 2d § 1051:2 ("Generally, ejectment lies where the defendant is in possession of land claimed by the plaintiff, and if the plaintiff is in possession of land claimed by the defendant, the remedy of the plaintiff is action to quiet title.").

Therefore, to prevail in an ejectment action, the plaintiff must show title at the commencement of the action and can recover, if at all, only on the strength of his own title, not because of weakness or deficiency of title in the defendant. If a plaintiff in ejectment has presented at trial *prima facie* evidence that it has title to the property at issue, the burden then shifts to the defendant, unless the plaintiff's proof necessarily defeats the plaintiff's claim of title. Conversely, if the plaintiff's claimed chain of title is faulty, the plaintiff has not shown a *prima facie* case, and the plaintiff's ejectment case fails. An ejectment action likewise fails if the plaintiff is not a bona fide purchaser.

***Becker***, 2019 WL 123695 at *3 (quotation marks, citations, brackets and some footnotes omitted).

Here, Appellants argue only that the trial court "improperly granted the summary judgment motion of [U.S. Bank] where SPS does not have authority under the POA to bring this post-foreclosure ejectment on behalf of and in the name of U.S. Bank [] in the first place." Appellants' Brief at 11. Appellants misapprehend the nature of SPS's involvement in this case. Contrary to their characterization and understanding, SPS neither brought the instant ejectment action against Appellants nor is SPS a party to the action. Rather, as an agent of U.S. Bank under the POA, SPS simply verified the complaint at

issue.[5]  More important, as the trial court aptly found, this action "was brought by [U.S. Bank], as owner of the Property . . . by virtue of a valid sheriff's deed."  Trial Court Opinion, 5/15/18, at 2.  As noted, the complaint was signed by counsel for U.S. Bank.  Thus, viewing the record in the light most favorable to Appellants, as the nonmoving party, we agree with the trial court's determination that U.S. Bank is entitled to possession of the Property, which is supported by the record and free of legal error.  Accordingly, we affirm the trial court's entry of summary judgment in favor of U.S. Bank.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/19

---

[5] Appellants do not challenge SPS's verification of the complaint on appeal. As stated, SPS, as an agent for U.S. Bank pursuant to the POA, only verified the complaint at issue.  However, U.S. Bank, as owner of the Property, initiated the ejectment action against Appellants.